UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVID WILLIAMS, Booking #16124778,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>BONNIE DUMANIS, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:16-cv-1303-WQH-NLS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

JOSHUA DAVID WILLIAMS ("Plaintiff"), currently detained at the San Diego Central Jail (SDCJ) and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

**I.    Failure to Pay Filing Fee or Request IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in

"increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP, which includes *both* the affidavit required by 28 U.S.C. § 1915(a)(1) *and* the certified copies of his trust funds account statements as required by 28 U.S.C. § 1915(a)(2). While Plaintiff has submitted a SDCJ "prison certificate" dated May 25, 2016 (Doc. No. 2), this certificate, by itself, is insufficient to comply with § 1915's additional requirements. Therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

## II.   Screening Required by 28 U.S.C. § 1915(e)(2) and § 1915A

In addition, the Court cautions Plaintiff that if he chooses to proceed further by either pre-paying the full $400 civil filing fee, or submitting a properly supported Motion to

Proceed IFP, his Complaint will be screened before service upon any defendant and may be immediately dismissed pursuant to 28 U.S.C. § 1915A(b) or 28 U.S.C. § 1915(e)(2)(B) regardless of whether he pays the full filing fee up front, or is granted leave to proceed IFP and to pay it in monthly installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

The Court further cautions Plaintiff that if his Complaint *is* found frivolous or malicious, or if fails to state a claim, its dismissal pursuant to 28 U.S.C. § 1915(e)(2) and/or § 1915A(b) may later count as a third "strike" against him pursuant to 28 U.S.C. § 1915(g). *See Andrews*, 398 F.3d at 1116 n.1 ("Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim.") (internal quotations omitted). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP" unless he is in "imminent danger of serious physical injury" at the time his complaint is filed. *Id.*; 28 U.S.C. § 1915(g); *see also Williams*, 775 F.3d at 1188 (citing *Cervantes*, 493 F.3d at 1053).[1]

---

[1] The Court takes judicial notice of at least two prior civil actions, filed by Plaintiff in the Southern District of California while he was incarcerated, that already qualify as "strikes" under § 1915(g). They are: *Williams v. Scripps Hospital, et al.*, S.D. Cal. Civil Case No. 3:14-cv-01643-AJB-NLS (Feb. 5, 2015 Order Granting IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b)(1) (Doc. No. 24); and *Williams v. State of California, et al.*, S.D. Cal. Civil Case No. 3:14-cv-01816-GPC-PCL (Order Denying Motion to Proceed IFP and Dismissing Action as Frivolous pursuant to 28 U.S.C. § 1915A (Doc. No. 22). *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

### III.  Conclusion and Order

For the reason explained above, the Court:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $400 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a);

(2) **DENIES** Plaintiff's Request for Discovery (Doc. No. 4) without prejudice as both premature and moot;

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $400 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; or (b) completing and filing a Motion to Proceed IFP which includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his Complaint required by 28 U.S.C. § 1915(a)(1), (2) and S.D. CAL. CIVLR 3.2(b).[2]

**IT IS SO ORDERED**.

Dated:  August 10, 2016

Hon. William Q. Hayes
United States District Court

---

[2] If Plaintiff fails to either prepay the $400 civil filing fee or file a properly supported Motion and Declaration in Support of his Motion to Proceed IFP, together with the trust account statements required by 28 U.S.C. § 1915(a)(2) within 45 days, this case will remain dismissed without prejudice based only on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements, and may not be counted as a potential third "strike" against him pursuant to 28 U.S.C. § 1915(g).