UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVID WILLIAMS, CDCR #BA-9229,<br><br>                                       Plaintiff,<br><br>    vs.<br><br>BONNIE DUMANIS, et al.,<br><br>                                       Defendants. | Case No.:  3:16-cv-1303-WQH-NLS<br><br>**ORDER:**<br><br>**1)  GRANTING PLAINTIFF LEAVE TO PROCEED IN FORMA PAUPERIS**<br>**[ECF Nos. 2, 7]**<br><br>**2)  DENYING MOTION TO REDACT**<br>**[ECF No. 13]**<br><br>**AND**<br><br>**3)  GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br>**[ECF No. 9]** |

JOSHUA DAVID WILLIAMS ("Plaintiff"), proceeding pro se and currently incarcerated at California Substance Abuse and Treatment Facility (CSTAF) in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983 while he was detained at the San Diego Central Jail (SDCJ) on May 31, 2016 (ECF No. 1).

## I.  Procedural Background

Plaintiff failed to prepay the filing fee required by 28 U.S.C. § 1914(a) at the time of filing. While he filed a prison certificate suggesting his intent to proceed in forma pauperis (IFP) (ECF No. 2), he failed to also submit the affidavit required by 28 U.S.C. § 1915(a). Therefore, on August 10, 2016, the Court dismissed his case, but granted him leave to either pay the full filing fee or satisfy all of § 1915(a)'s requirements. (ECF No. 5.) The Court further cautioned Plaintiff that if he chose to proceed, his Complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and dismissed sua sponte, and regardless of his IFP status, if it was found to be frivolous, malicious, or if it failed to state a claim. (ECF No. 5 at 2-3.)

Plaintiff has since submitted an affidavit pursuant to 28 U.S.C. § 1915(a)(1) (ECF No. 7), which together with his previously filed prison certificate (ECF No. 2), satisfies 28 U.S.C. 1915. The Court construes these filings together to comprise Plaintiff's request to proceed IFP in this matter. Plaintiff has also filed a Motion for Leave to Amend (ECF No. 9), a Motion to Redact and/or Seal his original pleading (ECF No. 13), and a Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 18).[1] The Court will address each of Plaintiff's Motions in turn.

## II.  Plaintiff's Request to Proceed IFP

In its August 10, 2016 Order, the Court noted that any party instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). A civil action may proceed despite a plaintiff's failure to prepay this fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493

---

[1] The Court does not rule on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18) against Defendant California Department of Corrections and Rehabilitation. Plaintiff's Motion is premature, as Defendant California Department of Corrections and Rehabilitation has not been served in this matter.

F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, he may be granted leave to proceed IFP, but he remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

      Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court must assess an initial fee payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

      Plaintiff did not pay the filing fee required to commence a civil action, nor has he filed a formal Motion to Proceed IFP; but he *has* now submitted both the affidavit required by 28 U.S.C. § 1915(a)(1) (ECF No. 13) *and* the certified prison certificate which serves as the "institution equivalent" of his trust funds account statements as required by 28 U.S.C. § 1915(a)(2) (ECF No. 2). These documents together show that Plaintiff's average month deposit to his trust account during the 6-month period

preceding the filing of his Complaint was $1.17. His average monthly balance was zero, and he had an available balance of zero at the time of filing (ECF No. 2).

Therefore, the Court GRANTS Plaintiff leave to proceed IFP, and declines to assess any initial partial filing at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

However, the Court will further direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

### III.  Motion for Leave to Amend

Plaintiff's original Complaint seeks injunctive relief pursuant to 42 U.S.C. § 1983 preventing a host of City, County, and State officials and entities from "keeping, holding, [and] maintaining any record of [Plaintiff's] arrest(s) of April 2008 for violating [Cal.] Penal Code 290.018." (ECF No. 1 at 1-6, 13.)

Plaintiff contends Defendants violated his First, Eighth, and Fourteenth Amendment rights for "negligently and []recklessly maintaining records" that he was a registered sex offender despite the fact that his name had been removed from the registry. (*Id.* at 4-11, citing *Williams v. Superior Court*, 2010 WL 817351 (Cal. Ct. App. March 10, 2010) (unpub.)). He claims Defendants' failure also caused him bodily harm on April 20, 2016, when he was "pulled over by the San Diego Police Department who still maintained [a] record" of his Penal Code 290 sex arrests, and who "allowed the same to be played over their radio via dispatch," which caused him to be "physically assaulted

with a deadly weapon by Francisco Garcia, an employee of Home Depot." (ECF No. 1 at 8.).

Plaintiff has since filed a Motion seeking leave to file an Amended Complaint in order to "add causes of action against the United States of America, Federal Department of Justice, and the Florida Department of Law Enforcement." (ECF No. 9 at 1.)

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, amendment is only permitted if the opposing party consents or the court grants leave to amend. FED. R. CIV. P. 15(a)(2). Even then, "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting FED. R. CIV. P. 15(a)).

Accordingly, while the Court's permission to amend was not required under the circumstances since Plaintiff's case is still in its preliminary stages and no pleading has yet to be served on any party, it hereby GRANTS Plaintiff's Motion for leave to file an Amended Complaint adding new parties and/or claims (ECF No. 9).

**IV.   Motion to Redact/Seal**

Plaintiff has also filed a Motion seeking to "seal the filing of [his] case," or, in the alternative to "redact [his] name" in order to protect his privacy and any "negligent disclosure of [his] criminal arrests" pursuant to FED. R. CIV. P. 5.2. (*See* ECF No. 13 at 1.).

First, Plaintiff does not claim to be a minor, and has not identified any documents which include information subject to redaction pursuant to FED. R. CIV. P. 5.2(a).[2]

---

[2] Federal Rule of Civil Procedure 5.2(a) governs redacted filings and provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an

Moreover, to the extent Plaintiff elected to include any information which he seeks to keep private in pleadings he has already filed, he is barred by Federal Rule of Civil Procedure 5.2(h). FED. R. CIV. P. 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to [his] own information by filing it without redaction and not under seal." *See also Weakley v. Redline Recovery Servs., LLC*, No. 09-CV-1423-BEN-WMC, 2011 WL 1522413, at *2 (S.D. Cal. Apr. 20, 2011).

Plaintiff further has not justified the "seal the filing of [his] case." (ECF No. 13 at 1.) "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed only if the court finds 'compelling reasons.'" *Oliner v. Kontrabecki,* 745 F.3d 1024, 1025-26 (9th Cir. 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (amended opinion) (internal quotation marks omitted); *see also Perez-Guerrero v. U.S. Att'y. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case ... must be necessitated by a compelling governmental interest and [be] narrowly tailored to that interest." (internal quotations and alteration omitted)), *cert. denied*, __U.S. __, 134 S. Ct. 1000 (2014).

Because Plaintiff offers no compelling reasons to overcome the strong presumption in favor of maintaining public access to court records, his request to seal the case must also be DENIED. *Oliner,* 745 F.3d at 1027.

## V.   Screening

Finally, the Court again cautions Plaintiff that it is obligated to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for,

---

individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."

violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). These statutes require the Court to sua sponte screen and dismiss any IFP or prisoner complaint, or any portion thereof, which it finds frivolous, malicious, fails to state a claim, or seeking damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Conclusory statements that merely recite the elements of a claim are insufficient for the purpose of Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Because the Court has granted Plaintiff leave to amend, it will defer its mandatory screening of Plaintiff's original pleading pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) until *after* he has an opportunity to present all his claims against each person or entity he seeks to hold liable pursuant to 42 U.S.C. § 1983 in one complete Amended Complaint. Plaintiff is cautioned, however, that his Amended Complaint will supersede,

or replace, his original Complaint (ECF No. 1), and that his Amended Complaint must, therefore, be is complete by itself, name *all* the parties he intends to sue, and include a "short and plain statement" of any and all grounds upon which he claims entitlement to relief.  *See* FED. R. CIV. P. 8(a); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This Court will consider "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint [as] waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) (holding that while "claims dismissed with prejudice and without leave to amend" need not be repled to preserve them in the event of an eventual appeal, "claims voluntarily dismissed . . . will [be] consider[ed] . . . waived if not repled.").

Thus, because Plaintiff's Amended Complaint will be subject to the same screening his original Complaint would have received pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) had he not first sought leave to amend it, Plaintiff should take care to ensure that his Amended Complaint identifies *all* Defendants *by name* and contains sufficient "factual matter" to show: (1) how and why he believes his constitutional rights were violated; and (2) what each individual Defendant did to cause him injury. *See Iqbal*, 556 U.S. at 677-78. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Id.* at 676.

## VII.  Conclusion and Order

For all the reason explained, the Court:

(1)   **GRANTS** Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 2, 7).

(2)   **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from the account in an amount equal to twenty percent (20%) of the

preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

(4) **DENIES** Plaintiff's Motion to Redact Filing (ECF No. 13).

(5) **GRANTS** Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 9). Plaintiff's First Amended Complaint must be filed no later than **December 30, 2016**. If Plaintiff fails to file an Amended Complaint on or before that date, the Court will enter a final Order dismissing this civil action pursuant to FED. R. CIV. P. 41(b) based on his failure to prosecute. *See e.g., Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: November 22, 2016

Hon. William Q. Hayes
United States District Court