# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Joshua David Williams, | CASE NO. 16cv1303-WQH-NLS |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Bonnie Dumanis, et al, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Supplemental Motion for Temporary Restraining Order (ECF No. 21) filed by Plaintiff Joshua David Williams.

**I. Procedural History**

Plaintiff initiated this action by filing a complaint on May 31, 2016. (ECF No. 1). In the complaint, Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 1983 preventing a host of City, County, and State officials and entities from "keeping, holding, [and] maintaining any record of [Plaintiff's] arrest(s) of April 2008 for violating [Cal.] Penal Code 290.018." (ECF No. 1 at 1-6, 13).

On November 22, 2016, the Court granted Plaintiff leave to proceed in forma pauperis (ECF Nos. 2, 7), denied Plaintiff's motion to redact (ECF No. 13), and granted Plaintiff's motion to file an amended complaint in this action (ECF No. 9). (ECF No. 19). The Court ordered that "Plaintiff's First Amended Complaint must be filed no later than December 30, 2016. If Plaintiff fails to file an Amended Complaint on or before

1  that date, the Court will enter a final Order dismissing this civil action pursuant to Fed.
2  R. Civ. P. 41(b) based on his failure to prosecute." (ECF No. 19 at 9). The Court
3  declined to rule on Plaintiff's Motion for Temporary Restraining Order and Preliminary
4  Injunction (ECF No. 18) against Defendant California Department of Corrections and
5  Rehabilitation because "Plaintiff's Motion is premature, as Defendant California
6  Department of Corrections and Rehabilitation has not been served in this matter." (ECF
7  No. 19 at 2 n.1).
8    On November 29, 2016, the Court ordered that Plaintiff's Supplemental Motion
9  for Temporary Restraining Order (ECF No. 21) be filed nunc pro tunc to date received.
10 (ECF No. 20).
11 **II. Contentions of the Plaintiff (ECF No. 21)**
12    In the Supplemental Motion, Plaintiff requests that the Court "issue an
13 emergency temporary restraining order without notice to all parties . . . to the California
14 Department of Corrections and Rehabilitation Corcoran Substance Abuse Treatment
15 Facility[.]" (ECF No. 21 at 1). Plaintiff requests the order be issued to "Counselor
16 staff, case records analysts and any other staff assigned to review the computerized
17 records maintained by the Department." *Id.*
18    Plaintiff contends that he "will suffer immediate and irreparable injury if this
19 court does not act swiftly" because "the above departmental employees are about to
20 review the computerized records" and this review "involves the reduction of custody
21 time, and possible placement into a community re-entry facility[.]" *Id.* Plaintiff
22 contends that "if this court does not act swiftly, the departmental review and subsequent
23 placement of an 'R' suffix and VIO administrative determinant place me in a credit
24 earning category not commensurate or within the bounds of truth." *Id.* at 2.
25 **III. Analysis**
26    Rule 65 of the Federal Rules of Civil Procedure provides:
27    (a)(1) The court may issue a preliminary injunction only on notice to the
       adverse party.
28
      (b)(1) The court may issue a temporary restraining order without written

or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)(1) & (b)(1). The Court of Appeals has observed that

> The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39 (1974)).

To the extent Plaintiff seeks a temporary restraining order without notice to the opposing parties pursuant to Rule 65(b), Plaintiff has failed to show "immediate and irreparable injury" that will result "before the adverse party can be heard in opposition[,]" and Plaintiff has failed to "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A); 65(b)(1)(B). Plaintiff has failed to comply with the requirements of Rule 65(b).

**IV. Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Supplemental Motion for Temporary Restraining Order (ECF No. 21) is denied without prejudice.

DATED: December 2, 2016

**WILLIAM Q. HAYES**
United States District Judge